UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY DODD,

          Petitioner,          Case No. 2:14-cv-128

v.                                            Honorable Gordon J. Quist

THOMAS MACKIE,

          Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner presently is incarcerated with the Michigan Department of Corrections at the Baraga Maximum Correctional Facility. On September 13, 2010, he pleaded nolo contendere and was convicted in the Washtenaw County Circuit Court of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and assault with intent to rob and steal while unarmed, MICH. COMP. LAWS § 750.88. Petitioner was sentenced as a fourth offense habitual offender to seven years and six months to 20 years as to each conviction. On January 7, 2011, Petitioner filed a motion to withdraw plea, which was denied by the state court. Thereafter, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on April 8, 2011. Petitioner submitted an application for leave to appeal to the Michigan Supreme Court, which was rejected because it was submitted more than 56 days after the Court of Appeals' decision.

On November 15, 2011, Petitioner filed a motion for relief from judgment pursuant to MICH. CT. R. 6.500 *et seq*. The state court denied Petitioner's motion on April 17, 2012. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on September 5, 2012. Thereafter, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on May 28, 2013.

Petitioner filed the instant habeas petition on May 15, 2014.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 15, 2014. It was received by the Court on June 9, 2014. Thus, it must have been handed to prison officials for mailing at some time between May 15 and June 9. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, he appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The

- 3 -

Michigan Court of Appeals denied Petitioner's application on April 8, 2011. The Michigan Supreme Court rejected Petitioner's application because it was not timely filed. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Accordingly, Petitioner's conviction became final on June 3, 2011. Petitioner had one year, or until June 4, 2012, in which to file his habeas application. At the earliest, Petitioner filed on May 15, 2014. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed his motion for relief from judgment on November 15, 2011. At the time his motion was filed, Petitioner

had 201 days remaining in the statute of limitations period. Petitioner's motion was denied by the state court on April 17, 2012. Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, which were denied on September 5, 2012 and May 28, 2013, respectively. Accordingly, the tolling period ended on May 28, 2013. At that point, Petitioner had 201 days to timely file his habeas petition, or until December 16, 2013. Petitioner did not file his petition until five months after the time to do so had expired.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

At the time he filed his petition, Petitioner also filed an affidavit for delay (docket #2) in which he explains that "the delay in filing in time for the deadline was due to several 'Emergency Count Times' being performed at the correctional facility in which I am incarcerated" and "these 'Emergency County [sic] Times' warrant corrections to stop all inmate activity including the immediate closing of the law libraries." (*Id.* at Page ID#206.) Petitioner concludes by stating that

- 5 -

"the delay is due to no culpable negligence of this affiant." (*Id.*) Thus, Petitioner presumably believes that the application of equitable tolling is warranted in ths case because on "several" occasions he was denied access to the law library.

Petitioner filed a 16-page petition along with 188 pages of supporting documents. The petition is comprised of a six-page form and a 10-page supporting brief. The form required Petitioner to supply minimal information regarding the procedural history of his case, to provide the grounds upon which he sought relief and to briefly state his supporting facts, without citing cases or law. *See* Pet., docket #1, Page ID#4. Instead of stating his grounds for relief and supporting facts, Petitioner merely noted "SEE ATTACHMENT D."[2] The 10-page brief contains six pages of substantive text. Most, if not all, of the text in those six pages is copied, verbatim, directly from documents previously prepared for, and submitted to, one or more reviewing courts. *E.g., compare* Pet., docket #1, Page ID#10 *with* docket #1-1, Page ID##122, 152; Pet., docket #1, Page ID#12-14 *with* docket #1-1, Page ID##106-07. In other words, little, if any, legal research went into the preparation of the petition, and indeed, according to the form petition itself, none was required. Thus, whether the law libraries at the facility in which Petitioner was housed were closed was irrelevant to the timely preparation of the petition. Consequently, Petitioner cannot establish either that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his petition. *See Holland*, 560 U.S. at 649

Additionally, even if Petitioner were to argue that the closing of the law libraries prevented him, not from legal research, but from obtaining copies of the voluminous supporting documents he submitted with the petition, he still would not be entitled to the application of

---

[2] Notably, I have reviewed the 188 pages of supporting documents submitted by Petitioner and have never located "ATTACHMENT D."

- 6 -

equitable tolling. Rule 2(d), RULES GOVERNING § 2254 CASES, provides that the petition must specify all available grounds for relief, state the facts supporting each ground, state the requested relief, be typewritten or legibly handwritten and that the petition be signed under penalty of perjury. Nothing more is required. In addition, W.D. Mich. LCivR 5.6(a) provides that all applications for habeas corpus relief must be submitted on the form petition provided by this Court, which also does not require the submission of supporting documents. Accordingly, Petitioner was not obliged to file any supporting documents in connection with his habeas application.

Finally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: July 30, 2014

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).