UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY DODD,

        Petitioner,                                        Case No.  2:14-CV-128

v.                                                      HON. GORDON J. QUIST

THOMAS MACKIE,

        Respondent.
        _____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

     Petitioner, Rodney Dodd, filed a petition for habeas corpus on May 15, 2014.  On July 30, 2014, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the petition as untimely.  Dodd filed objections to the R & R.  Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

     Dodd argues that he is entitled to equitable tolling because his appellate counsel and his legal writer misinformed him of filing deadlines, and he was forced to rely on that erroneous advice because he is illiterate.  As Dodd acknowledges, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52, 130 S. Ct. 2549, 2564 (2010) (internal citations omitted).  Furthermore, as the Sixth Circuit has noted, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Accordingly, Dodd's argument that he was forced

to rely on erroneous advice due to his illiteracy does not provide a reason to toll the statute of limitations.[1]

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.*  The district court must "engage in a reasoned assessment of each claim" under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S. at 484, 120 S. Ct. at 1604.  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Dodd's claims was debatable or wrong.  Thus, the Court will deny Dodd a certificate of appealability.

Therefore,

**IT IS ORDERED** that the Report and Recommendation of the magistrate judge, filed July 30, 2014 (dkt. #7), is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

This case is **concluded**.


Dated:  October 3, 2014                                             /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE

---

[1] Dodd's attorney apparently told him that the deadline to file an application for leave to appeal with the Michigan Supreme Court was ten days later than the actual deadline. (Dkt. #7-1, Page ID#239). Thus, there were 10 days after the deadline to file that were not tolled. However, Dodd filed his petition with this Court five months after the time for doing so had expired.  Thus, Dodd's failure to file a timely petition with this Court cannot be attributed to erroneous advice from his attorney.